**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4012**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

CHRISTOPHER L. ESTEP,

    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior District Judge.  (6:17-cr-00522-HMH-1)

Submitted:  July 19, 2018        Decided:  July 23, 2018

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joshua S. Kendrick, KENDRICK & LEONARD, P.C., Greenville, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, E. Jean Howard, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher L. Estep appeals from the 38-month sentence imposed after he pleaded guilty to aiding and abetting an unarmed bank robbery, in violation of 18 U.S.C. §§ 2, 2113(a) (2012). Estep contends that his sentence is unreasonable, arguing that the district court failed to address nonfrivolous sentencing arguments and based its sentence on factors that the record did not support. Finding no error, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 46 (2007). The court first reviews for significant procedural error, and if the sentence is free from such error, it then considers substantive reasonableness. *Id.* at 51. Procedural error includes improperly calculating the Sentencing Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to adequately explain the selected sentence. *Id.* To adequately explain the sentence, the district court must make an "individualized assessment" by applying the relevant § 3553(a) factors to the case's specific circumstances. *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009). The individualized assessment need not be elaborate or lengthy, but it must be adequate to allow meaningful appellate review. *Id.* at 330.

The court considered Estep's request for a downward variance, but imposed the 38-month, within-Guidelines sentence. The court reasoned that the facts of the case were typical of those contemplated by the Guidelines. The court stated that it had reviewed the § 3553(a) factors, and pointed to Estep's criminal history not counted in the Guidelines calculation that he had previous convictions for possession of a stolen check and

2

possession of pipe bombs, that bank employees were put in fear during the robbery, and that Estep possessed inauthentic and potentially fraudulent identification documents when he was arrested. Although the court did not specifically address Estep's health in its reasoning, it adopted the presentence report, which, as Estep points out, is included in depth in the PSR. The court also did not specifically respond to Estep's culpability argument when imposing the sentence, but did state that the facts of the case were contemplated by the Guidelines. Based on the record, we conclude that the court did not procedurally err.

"Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citations omitted). Estep does not present sufficient evidence or argument to rebut the presumption of reasonableness applicable to his properly calculated within-Guidelines sentence.

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3